IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| TRU MOBILITY, INC., | |
| Plaintiff, | |
| v. | Case No. 21-4071-JAR-TJJ |
| BRIGGS AUTO GROUP, INC., | |
| Defendant. | |

## MEMORANDUM AND ORDER

Plaintiff Tru Mobility, Inc. brings this diversity action against Defendant Briggs Auto Group, Inc., alleging breach of contract. Before the Court is Plaintiff's February 24, 2023 Motion for Leave to File Summary Judgement [sic] Response Out of Time (Doc. 74). Defendant has not responded and the time to do so has expired.[1] As described more fully below, the Court grants Plaintiff's motion and sets a March 17, 2023 deadline for it to respond to Defendant's summary judgment motion.

**I.    Plaintiff's Deadline**

On January 30, 2023, Defendant filed a timely Motion for Summary Judgment,[2] but did not file the exhibits in support of the motion properly. Rather than file each exhibit as a separate attachment to its motion, Defendant included them in the filing that was docketed as the memorandum in support.[3] The clerk's office reached out to defense counsel by email and requested that they refile the documents properly. On February 8, 2023, Defendant corrected its filing by refiling the memorandum in support as a main document, with the twelve exhibits

---

[1] *See* Doc. 75 (setting March 13, 2023 deadline for responding).

[2] Doc. 71; *see* Doc. 70 (setting January 30, 2023 deadline for filing dispositive motions).

[3] Doc. 72.

separately attached.[4] There is no substantive difference between the filing on January 30 and the filing on February 8 other than the fact that the exhibits are separate, labeled attachments.

Plaintiff suggests that the date of the corrected filing should control its response deadline. The Court disagrees. The dispositive motion deadline was January 30 and Defendant's motion was timely filed on that date. The corrected brief and exhibits were filed on February 8, but that corrected filing made no substantive change to the timely-filed brief and exhibits filed on January 30—it simply broke the exhibits out of the main document and included them as separately labeled exhibits in compliance with the Court's local rules and administrative procedures. Therefore, Plaintiff's response was due on February 21, 2023, and its request for additional time is out of time because it was not filed until February 24, 2023.

## II.  Excusable Neglect

When the time for filing has already run, the Court can only grant leave to file out of time upon a showing of excusable neglect.[5]

> "Courts consider four factors to determine excusable neglect: (1) the reason for the delay, including whether it was within the reasonable control of the movant; (2) whether the movant acted in good faith; (3) danger of prejudice to the nonmoving party; and (4) the length of the delay and its potential impact on judicial proceedings." Excusable neglect is "a somewhat elastic concept and is not limited strictly to omissions caused by circumstances beyond the control of the movant."[6]

The Court finds that Plaintiff has shown excusable neglect. Plaintiff suggests that it was excusable for him to calendar the incorrect response deadline of March 1, 2023, which was 21

---

[4] Doc. 73.

[5] Fed. R. Civ. P. 6(b)(1)(B).

[6] *Jackson v. Wal-Mart Stores E., LP*, No. 20-2469-JWB, 2021 WL 102818, at *1 (D. Kan. Jan. 12, 2021) (first quoting *YRC Worldwide, Inc. v. Zimmerman*, No. 09-2098-KHV, 2009 WL 10689839, at *1 (D. Kan. Nov. 3, 2009); and then quoting *Baker v. Promise Reg'l Med. Ctr.*, No. 10-CV-01257-KHV-DJW, 2012 WL 899265, at *2 (D. Kan. Mar. 16, 2012)).

days after Defendant filed its corrected brief with exhibits attached on February 8, 2023.  The Court notes that Defendant's corrected filing made no substantive changes to the brief or exhibits and merely created and labeled attachments for the exhibits that were previously included with the brief incorrectly.  The Court further notes that Plaintiff could have filed a motion to clarify the response deadline under these circumstances if it was confused about the operative response deadline.  Nonetheless, the Court gives weight to the fact that the later-filed brief created some confusion about the operative filing date and that Plaintiff filed the pending motion for leave within three days of the correct response deadline.  Therefore, the Court finds that the first two factors relevant to excusable neglect tip slightly in favor of Plaintiff.

The Court further finds no prejudice to the nonmoving party under these circumstances.  It was Defendant's erroneous filing that created confusion about the filing deadline, and Defendant has not responded to this motion or otherwise asserted any prejudice that would be associated with extending Plaintiff's response deadline as requested.

Finally, the length of the delay and the potential impact on judicial proceedings is minimal.  Plaintiff's motion sought until March 15, 2023, to respond, which is about three weeks after the correct response deadline.  Defendant was not even required to respond to the motion for leave until March 13, and no firm trial date is currently set.  The Court finds that Plaintiff's requested response date, which this Court extends further to March 17, 2023, is reasonable and will not disrupt the timely resolution of this case.

In sum, the Court grants Plaintiff's motion for leave to respond to Defendant's motion for summary judgment out of time, finding that it has established excusable neglect for its failure to seek additional time before the response deadline ran.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Leave to File Summary Judgement [sic] Response Out of Time (Doc. 74) is **granted**. Plaintiff's response deadline to Defendant's motion for summary judgment is extended to March 17, 2023.

**IT IS SO ORDERED.**

Dated: March 15, 2023

                                              S/ Julie A. Robinson
                                              JULIE A. ROBINSON
                                              UNITED STATES DISTRICT JUDGE