IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TRU MOBILITY, INC.,

      **Plaintiff,**

      v.

BRIGGS AUTO GROUP, INC.,

      **Defendant.**

Case No. 5:21-CV-04071-JAR-TJJ

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Briggs Auto Group, Inc.'s Motion for Attorneys Fees (Doc. 84). The motion is fully briefed, and the Court is prepared to rule. For the reasons explained below, the Court grants Defendant's motion and awards it $137,401.52.

**I.    Background**

In 2017, Defendant executed three contracts with Plaintiff for various telecommunication products and services.[1] Each of these three contracts incorporated by reference an Addendum to Contracts[2] as well as a separate Standard Terms and Conditions document.[3] All of these contracts are governed by Florida law. In 2021, Plaintiff brought this diversity action against Defendant for breach of the three contracts, alleging that Defendant failed to pay the early termination fees that it owed Plaintiff for terminating the contracts prior to the end of the agreed-upon term. Each of the three contracts at issue here were governed by a separate Standard Terms and Conditions document, which provides in relevant part:

> **Attorneys' Fees and Costs.** The prevailing party in any litigation and/or arbitration arising from or related to this Agreement shall be

---

[1] Docs. 73-6, 73-7, 73-8.

[2] Doc. 73-9.

[3] Doc. 73-10.

> entitled to recover from the non-prevailing party all reasonable attorneys' fees and costs incurred in the litigation and/or arbitration.[4]

On April 17, 2023, the Court granted summary judgment in favor of Defendant.[5] Defendant filed the present motion on May 1, 2023, seeking to recover $137,964.02 in contractual attorney fees, costs, and expenses.[6] On June 8, 2023, the Court issued an Order directing the parties to meet and confer on Defendant's motion and either file an appropriate stipulation indicating that they have reached an agreement, or file a statement of consultation in accordance with D. Kan. Rule 54.2(d) and fully brief the motion.[7]

In accordance with the Court's Order, Defendant filed a Statement regarding the Order on Motion for Attorney Fees, explaining that the parties had met and conferred in good faith but had failed to reach an agreement on Defendant's motion.[8] Plaintiff confirmed in its Response that the consultation had taken place in good faith and that no agreement had been reached.[9] Plaintiff also explained that it "disputes" Defendant's motion "for the reasons that the time and costs in the request are improperly documented," and because "much of the time and effort expended by the defendant was for the prosecution of its counterclaim which ultimately was dismissed."[10] Defendant thereafter filed a Reply in Support of its Motion for Attorney Fees and Costs, reiterating its requests, and addressing the response.[11]

---

[4] Doc. 73-10 § 17.6(C).

[5] Docs. 82, 83.

[6] Doc. 84.

[7] Doc. 91.

[8] Doc. 92.

[9] Doc. 93.

[10] *Id.*

[11] Doc. 94.

2

**II.     Discussion**

   **A.     Entitlement**

The general rule in American litigation is that each party in a lawsuit will bear its own attorneys' fees.[12]  However, there is a contractual exception to this rule.  Under Florida law, which governs this dispute,[13] "attorneys' fees may be awarded to the prevailing party pursuant to a contractual agreement authorizing their recovery."[14]  The burden is on the party seeking attorneys' fees to establish entitlement to them.[15]  "The Court does not have discretion to decline to enforce a contractual provision awarding attorneys' fees."[16]  Thus, a "contractual attorney's fee provision must be strictly construed."[17]  "Florida courts have explained that 'if an agreement for one party to pay another party's attorney's fees is to be enforced it must unambiguously state that intention and clearly identify the matter in which the attorney's fees are recoverable.'"[18]

Defendant argues that it is entitled to attorney's fees, paralegal fees, costs, and expenses pursuant to the Attorneys' Fees and Costs provision in the Standard Terms and Conditions.

---

[12] See *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Hum. Res.*, 532 U.S. 598, 602 (2001) (citing *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975)).

[13] Indeed, the Tenth Circuit has found that "the matter of attorney's fees in a diversity suit is substantive and is controlled by state law," and has instructed district courts sitting in diversity to "apply the substantive law of the state in which it sits, including the forum state's choice-of-law rules." *Boyd Rosene & Assocs. V. Kan. Mun. Gas Agency*, 123 F.3d 1351, 1352 (10th Cir. 1997).  Kansas's choice-of-law rules provide that "[w]hen a contract incorporates a choice of law provision, Kansas courts effectuate the law chosen by the parties to control the agreement." *Servi-Tech, Inc. v. Olson*, No. 17-01148-EFM-JPO, 2017 WL 3839418, at *3 (D. Kan. Sept. 1, 2017) (citing *Brenner v. Oppenheimer & Co.*, 44 P.3d 364 (2002)).  Because the contracts at issue here call for the application of Florida law, Florida law governs the attorney's fees dispute just as it governed the breach of contract dispute.

[14] *Provident Bank v. Miller*, No. 22-CV-81665, 2023 WL 3079700, at *1 (S.D. Fla. Apr. 4, 2023) (citing *Price v. Tyler*, 890 So. 2d 246, 250 (Fla. 2004)).

[15] *Id.* (citing *Celera Telecom Ltd. v. LDI Networks, Inc.*, No. 21-20324-CIV, 2022 WL 2341156, at *2 (S.D. Fla. May 2, 2022)).

[16] *Id.* (citing *Brickell Bay Club Condo. Ass'n, Inc. v. Forte*, 397 So. 2d 959, 960 (Fla. Dist. Ct. App. 1981)).

[17] *B&H Constr. & Supply Co. v. Dist. Bd. of Trustees of Tallahassee Cmty. Coll.*, 542 So. 2d 382, 387 (Fla. Dist. Ct. App. 1989) (citation omitted).

[18] *Int'l Fidelity Ins. Co. v. Americaribe-Moriarty JV*, 906 F.3d 1329, 1336 (11th Cir. 2018) (quoting *Sholkoff v. Boca Raton Cmty. Hosp., Inc.*, 693 So. 2d 1114, 1118 (Fla. Dist. Ct. App. 1997)).

Plaintiff makes no objection to Defendant's entitlement arguments. Strictly construing the attorney fees provision, the Court finds that it applies to the matter at hand. Indeed, "Florida law explicitly provides that 'claims arise out of a contract if they are inextricably intertwined with the contract.'"[19] Clearly, Plaintiff's breach of contract claim is inextricably intertwined with the Standard Terms and Conditions contract which was incorporated by reference into each of the three contracts that Plaintiff claimed Defendant breached. Therefore, the Court finds that Defendant is entitled to all reasonable attorney fees incurred in this litigation.

The Court also notes that, while not explicitly included in the contract, Florida law dictates that "awards of attorneys' fees should include the time and labor of legal assistants who contributed nonclerical, meaningful legal support."[20] Thus, the Court is satisfied that Defendant is also entitled to recover its paralegal fees.

Finally, the Court turns to Defendant's request for costs and expenses. Defendant states that it seeks to recover costs and expenses pursuant to both the contract language as well as Fed. R. Civ. P. 54. However, the Court construes Defendant's request as one for recovery of nontaxable expenses, as opposed to taxable costs governed by Rule 54,[21] as the expenses it seeks to recover—for depositions, mediation, and postage—are not found on the list of taxable costs

---

[19] *Yellow Pages Photos, Inc. v. Ziplocal, LP*, 846 F.3d 1159, 1163 (11th Cir. 2017) (quoting *Dolphin LLC v. WCI Cmties., Inc.*, 715 F.3d 1243, 1250 (11th Cir. 2013)).

[20] *Sirgany Int'l. of Orlando, Inc. v. Greater Orlander Aviation Auth.*, No. 82-501-CIV-ORL-19, 1988 WL 493668, at *6 (M.D. Fla. July 5, 1988) ("Furthermore, the Florida legislature has now required by statute, effective October 1, 1987, that awards of attorneys' fees should include the time and labor of legal assistants who contributed nonclerical, meaningful legal support.") (citing Fla. Stat. § 57.104).

[21] To the extent Defendant seeks to also recover taxable costs under Fed. R. Civ. P. 54, the Court directs Defendant to adhere to D. Kan. Rule 54.1.

under 28 U.S.C. § 1920.[22]  Given the contractual language here, the Court finds that Defendant is entitled to recovery of such nontaxable expenses.[23]

**B.     Amount**

To determine the proper amount of attorney's fees to be awarded under Florida law, the Court must calculate the lodestar.  The lodestar method "requires the court to determine the number of hours reasonably expended on the litigation," and "a reasonable hourly rate for the services of the prevailing party's attorney."[24]  In *Rowe*, the Florida Supreme Court outlined the factors to be considered in determining what hours and what rates are reasonable for a particular case:

> (1) The time and labor required, the novelty and difficulty of the question involved, and the skill requisite to perform the legal service properly.  (2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.  (3) The fee customarily charged in the locality for similar legal services.  (4) The amount involved and the results obtained.  (5) The time limitations imposed by the client or by the circumstances.  (6) The nature and length of the professional relationship with the client.  (7) The experience, reputation, and ability of the lawyer or lawyers performing the services.  (8) Whether the fee is fixed or contingent.[25]

---

[22] The following costs are recoverable under 28 U.S.C. § 1920: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursement for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees; (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services.

[23] *See, e.g., Apple Glen Inv'rs v. Express Scripts, Inc.*, No. 8:14-cv-1527, 2018 WL 2945629, at *18 (M.D. Fla. May 25, 2018) (noting that the Eleventh Circuit held that the contract language "attorney's fees and costs" was "broad enough language to cover the award of both taxable and nontaxable costs.") (quoting *Yellow Pages Photos, Inc.*, 846 F.3d at 1166)).

[24] *Fla. Patient's Comp. Fund. v. Rowe*, 472 So. 2d 1145, 1150 (Fla. 1985).

[25] *Id*.

"The number of hours reasonably expended, determined in the first step, multiplied by a reasonable hourly rate, determined in the second step, produces the lodestar."[26] The determination of fee awards falls "within the sound discretion of the trial court."[27]

Defendant seeks $137,964.02 in attorney's fees, paralegal fees, costs, and expenses incurred in defending against Plaintiff's lawsuit. Specifically, Defendant seeks $111,587.50 in attorney's fees for 320.6 hours spent; $23,225.00 in paralegal fees for 129.50 hours spent; and $3,151.52 in costs and expenses. At the beginning of the representation, Defendant's counsel charged an hourly rate of $350 for his time and $175 for his paralegal's time. He then increased his attorney's fees to $375 for a time but towards the end of the representation, he charged an hourly rate of $425 for his time and $200 for his paralegal's time. Finally, Defendant seeks to recover $3,151.52 in nontaxable expenses incurred for depositions, mediation, and postage.

### 1. Attorney and Paralegal Fees

As set forth above, to determine the reasonableness of the requested fees under Florida law, the Court must first determine a reasonable number of hours expended on the litigation, and then must determine a reasonable hourly rate for the services of the prevailing party's attorney.

#### a. Reasonable Number of Hours

Defendant seeks compensation for 320.60 hours of attorney's fees for his work on this matter, and 129.50 hours of paralegal's fees for his paralegal's work on this matter. In support of the reasonableness of the hours requested, Defendant's counsel submitted affidavits and detailed time records for both himself and his paralegal.[28] Plaintiff does not make any specific objection to the amount of hours Defendant seeks compensation for; rather, Plaintiff argues that "the time

---

[26] *Id.*

[27] *River Bridge Corp. v. Am. Somax Ventures*, 76 So. 3d 986, 989 (Fla. Dist. Ct. App. 2011).

[28] Doc. 84, Exs. A, B.

and costs in the request are improperly documented" and that Defendant should not be compensated for time spent on the "prosecution of its counterclaim which was ultimately dismissed."[29] The Court addresses each objection in turn, and then turns to the *Rowe* factors.

First, Plaintiff asserts a vague objection that Defendant's time and costs are improperly documented. In response, Defendant argues that the provided time records are sufficiently detailed as they included the date, the task itself, the time spent on the task, the hourly rate applied on the date of the task, and the total charge of the task. Defendant also points to the fact that his client has already paid these fees and expenses in full without any objection to the documentation for them.

The Court is satisfied that the time and charges in Defendant's request is properly documented. Defendant provided detailed time records for his work and his paralegal's work which the Court finds provide sufficient detail. While nearly all of Defendant's counsel's time records include the rather vague phrase "preparation of matters with case," nearly all of them also state with specificity the exact issue he was working on, such as preparation of disclosures, preparation of answer and counterclaim, preparation of discovery requests, etc. This conclusion is further supported by the fact that Defendant has already paid its counsel in full without objecting to any of the documentation. Therefore, without a more specific objection from Plaintiff, the Court finds that the time and costs set forth in Defendant's requests are properly documented.

Second, Plaintiff objects to Defendant's request to the extent it is seeking compensation for time spent on its counterclaim which it ultimately voluntarily dismissed. Defendant argues in response that it is entitled to its requested attorney's fees on these hours, notwithstanding the fact

---

[29] Doc. 93.

7

that the counterclaims were voluntarily dismissed, because Defendant was the prevailing party on the significant issues in the litigation. The Court agrees. Under Florida law, "the party prevailing on the significant issues in the litigation is the party that should be considered the prevailing party for attorney's fees."[30] Moreover, in a breach of contract action such as this one, "one party must prevail."[31] Even though Defendant's counterclaims were technically separate claims from Plaintiff's breach of contract claims, because the claims involved "a 'common core' of facts and [were] based on 'related legal theories,'" the Court finds it unnecessary to separate out the time Defendant spent preparing its counterclaims from the time spent preparing its defense.[32]

Having resolved Plaintiff's two objections, the Court turns to the *Rowe* factors to determine whether the requested number of hours, 320.60 by Defendant's attorney and 129.50 by his paralegal, is reasonable. Defendant does not address the *Rowe* factors in this section of its motion, but rather addresses all of them in the section about the reasonableness of his requested hourly rates. The Florida Supreme Court instructs that "[t]he 'time and labor required' and the 'novelty and difficulty of the question involved'" factor should be "taken into account in calculating the reasonable number of hours."[33]

As to this *Rowe* factor, Defendant asserts that defending this lawsuit "has been an extensive undertaking that has been very complex" given the problems with telecommunications and contract law.[34] Defendant also argues that numerous issues arose "that necessitated a very

---

[30] *Moritz v. Hoyt Enters., Inc.*, 604 So. 2d 807, 810 (Fla. 1992).

[31] *Green Cos. v. Kendall Racquetball Inv.*, 658 So. 2d 1119, 1121 (Fla. Dist. Ct. App. 1995).

[32] *Anglia Jacs & Co. v. Dubin*, 830 So. 2d 169, 172 (Fla. Dist. Ct. App. 2002).

[33] *Joyce v. Federated Nat'l Ins. Co.*, 228 So. 3d 1122, 1126 n.1 (Fla. 2017) (quoting *Rowe*, 472 So. 2d at 1150).

[34] Doc. 84 at 6.

high skill level necessary to properly perform the legal services," and that "extensive time and labor" were required to "bring this lawsuit to a successful conclusion."[35]  Given this showing by Defendant, and the fact that Plaintiff does not object, the Court is satisfied that the amount of hours requested are reasonable.  Thus, the Court will include the requested hours—320.60 for Defendant's attorney and 129.50 for his paralegal—when calculating the lodestar.

### b.     Reasonable Hourly Rate

Defendant's counsel's hourly rate was $350.00 at the beginning of his representation, and $425.00 towards the end; his paralegal's hourly rate was $175.00 at the beginning of the case and $200 towards the end.  Plaintiff makes no objection to these rates or the total amount Defendant requests.  Defendant "bears the burden of establishing that the requested hourly rates are the 'prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation.'"[36]  Generally, the relevant market for purposes of determining the reasonably hourly rate for an attorney's services is the place where the lawsuit was filed.[37]

 To satisfy its burden, Defendant offers affidavits from its counsel and his paralegal. Additionally, Defendant makes specific arguments addressing all of the *Rowe* factors to support its position that the requested rates are reasonable, including: that as a solo practitioner, its counsel had to forego accepting other new clients in order to successfully defend the claims in this case; that the fee amounts are lower than hourly fees customarily charged in Topeka, Kansas

---

[35] *Id.*

[36] *Star2Star Comm., LLC v. AMG Grp. Of Brunswick, LLC*, No. 8:20-2078, 2022 WL 17326879, at *2 (M.D. Fla. Nov. 8, 2022) (quoting *Renniger v. Phillips & Cohn Assocs., Ltd.*, No. 8:10-cv-5-T-33EAJ, 2010 WL 3259417, at *2 (M.D. Fla. Aug. 18, 2020)) (citing *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988)).

[37] *Am. Civil Liberties Union of Georgia v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999) (quoting *Cullens v. Georgia Dep't of Transp.*, 29 F.3d 1489, 1494 (11th Cir. 1994)).

for like cases; that counsel has been representing Defendant since 1999; and that counsel's reputation warrants the fees requested.[38]

At the outset, the Court notes that the evidence Defendant relies upon to establish the reasonableness of the requested hourly rates is insufficient. Indeed, aside from the aforementioned argument in its motion, Defendant relies solely on affidavits from its counsel and his paralegal which, standing alone, is generally not satisfactory evidence of the prevailing hourly rates.[39] Moreover, neither the affidavits nor the motion provide the Court with any evidence of similar rates being charged and approved in matters of similar complexity, relying instead on conclusory statements that the rates requested are lower that what is customarily charged in Topeka, Kansas. Nonetheless, the Court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees."[40] Further, Plaintiff has not objected to the hourly rates sought by Defendant.[41]

In recent years, courts in this district have found rates between $175 to $625 reasonable based on the attorney's experience with litigation.[42] For example, in *Lawson v. Spirit AeroSystems, Inc.*, the court found the rate of $625 per hour reasonable for a partner with 27 years' experience and the rate of $425 per hour for counsel with 13 years' experience

---

[38] In *Rowe*, the Florida Supreme Court explained that for this inquiry, the trial court should take into account all of the factors except the "time and labor required," the "novelty and difficult of the question involved," the "results obtained," and "whether the fee is fixed or contingent." *See Rowe* 472 So. 2d at 1150–51. Therefore, the Court disregards Defendant's arguments as to these factors.

[39] *Star2Star Comm., LLC*, 2022 WL 17326879 at *2; *Norman*, 836 F.2d at 1299 ("Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work.") (citing *Blum v. Stenson*, 465 U.S. 886, 869 n.11 (1984)).

[40] *Star2Star Comm., LLC*, 2022 WL 17326879 at *2 (quoting *Norman*, 836 F.2d at 1303).

[41] *See Alfiniti, Inc. v. Prime Glob. Grp., Inc.*, No. 6:17-cv-1382, 2021 WL 2430904, at *4 (M.D. Fla. Mar. 4, 2021) (applying the court's expertise to find hourly rates reasonable despite insufficient supporting evidence where defendant did not object to requested rates).

[42] *See, e.g., M.B. v. Howard*, 555 F. Supp. 3d 1047, 1063 (D. Kan. 2021) (citations omitted).

reasonable.[43]  Similarly, in *Animal Legal Defense Fund v. Kelly*, the court found the hourly rate of $500 for the most experienced attorney to be reasonable.[44]  Based on these cases, and the fact that Defendant's attorney here has 27 years of experience in complex civil litigation, the Court finds that the requested hourly rates of $350 and $425 are more than reasonable.  Therefore, the Court will use $350 and $425 respectively to calculate the lodestar for Defendant's counsel's fees.

As for Defendant's counsel's paralegal, the Court should "scrutinize [paralegal and legal assistants'] hours and the suggested rates in the same manner is scrutinizes lawyer time and rates."[45]  As set forth above, Defendant asserts that $175 and $200 hourly rates for a paralegal's time is lower than prevailing market rates.  The Court disagrees.  In 2021, the District of Kansas noted that "[r]ecent rulings of our court and the Western District of Missouri will not support a rate of $200 an hour for either paralegals or law students," and cited cases approving paralegal rates of $125 and $150 per hour. [46]  A 2017 case from this District, however, did approve a proposed paralegal rate of $175 where there were no objections from the other side and no evidence presented to the court regarding what rates might be reasonable for such paralegals.[47]  Taking these cases together, the Court finds that an hourly rate of $175 for the paralegal's time is

---

[43] No. 18-1100-EFM-ADM, 2020 WL 6343292, at *16–17 (D. Kan. Oct. 29, 2020).

[44] No. 18-2657-KHV, 2020 WL 4000905 (D. Kan. July 15, 2020).

[45] *Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1256 (10th Cir. 1998) (quoting *Ramos v. Lamm*, 713 F.2d 546, 558–59 (10th Cir. 1983)).

[46] *Howard*, 555 F. Supp. 3d at 1073 (first citing *Animal Legal Def. Fund v. Kelly*, No. 18-2657-KHV, 2020 WL 4000905, at *9 (D. Kan. July 15, 2020) (finding hourly rate of $125 per hour reasonable for paralegals and law students); and then citing *M.B. v. Tidball*, No. 2:17-cv-4102, 2020 WL 1666159, at *6 (W.D. Mo. Apr. 3, 2020) (holding $150 per hour reasonable for paralegals)).

[47] *See Tripp v. Berman & Rabin P.A.*, No. 14-cv-2646-DDC-GEB, 2017 WL 2289500, at *6 (D. Kan. May 25, 2017).

reasonable given her 39 years of experience; but $200 is not. Therefore, the Court will use the hourly rate of $175 to calculate the lodestar for the paralegal's fees.

### c. Lodestar Calculation[48]

Based on the above findings, the Court calculates the lodestar for Defendant's counsel's fees as $350 times 41.25 hours charged ($14,437); plus $375 times 148.85 hours charged ($55,818.75); and plus $425 times 97.25 hours charged ($41,331.25); resulting in a total attorney's fee award of $111,587.50. The Court calculates the lodestar for paralegal fees as $175 times 129.5 hours spent, resulting in a total paralegal fee award of $22,662.50.

### d. Nontaxable Expenses

Defendant also seeks to recover $3,151.52 in nontaxable expenses: $2.42 for postage; $1,721.45 in costs related to the deposition of Barnett; $998.75 in costs related to mediation; and $428.90 in costs related to the deposition of Housman. Plaintiff makes no specific objection to Defendant's request for recovery of these expenses. As set forth above, the contractual language here entitles Defendant to recover expenses beyond those enumerated as taxable in 28 U.S.C. § 1920. Thus, while expenses such as postage, and costs for depositions and mediations are not recoverable under Section 1920, they are recoverable under the parties' contract here, so long as they are reasonable.[49] The Court finds that costs related to postage, depositions, and mediations are all reasonable costs. This is especially true given that Plaintiff has not argued that the costs

---

[48] The Court notes that under Florida law, a trial court can adjust the lodestar amount based on a "contingency risk" factor or a "results obtained" factor. *See Joyce*, 228 So. 3d at 1126 (citing *Rowe*, 472 So. 2d at 1151). However, neither of these factors are applicable here: there is not a contingency fee arrangement here such that a "contingency fee multiplier" should be applied; nor is this a situation where Defendant had success on some claims but was unsuccessful on other unrelated claims such that the "results obtained multiplier" should be applied. *Id*. Therefore, the Court need not consider these factors or adjust the lodestar.

[49] *Am. Infoage, LLC*, 2016 WL 7733983 at *10 ("Litigation expenses are not recoverable under [Section 1920] . . . but are recoverable under the parties' contracts. Similarly, mediation expenses and electronic discovery expenses are not recoverable under [Section 1920], but are recoverable under the parties' contracts.") (citations omitted).

Defendant seeks are unreasonable or that any particular expense should be disregarded.[50] Therefore, the Court awards Defendant $3,151.52 in reasonable expenses.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion for Attorneys Fees (Doc. 84) is **granted in part and denied in part** for a total award of $137,401.52.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to enter judgment for the awarded amount.

**IT IS SO ORDERED.**

Dated: August 2, 2023

S/ Julie A. Robinson  
JULIE A. ROBINSON  
UNITED STATES DISTRICT JUDGE

---

[50] *Apple Glen Inv'rs v. Express Scripts, Inc.*, No. 8:14-cv-1527, 2018 WL 2945629, at *18 (M.D. Fla. May 25, 2018) ("In sum, the defendant has failed to set forth valid objections to the plaintiff's request for costs. Accordingly, I recommend that the plaintiff be compensated for the entire amount of $39,783.12 in costs.").