## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| **TRU MOBILITY, INC.,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 5:21-CV-04071-JAR-TJJ** |
| **BRIGGS AUTO GROUP, INC.,** | |
| **Defendant.** | |

## MEMORANDUM AND ORDER

Before the Court is Defendant Briggs Auto Group, Inc.'s Motion for Attorney Fees (Doc. 109). The motion is ripe and the Court is prepared to rule. For the reasons discussed below, the Court grants Defendant's motion and awards it $42,095.00 in additional attorney fees incurred during appeal.

## I.    Background

On April 17, 2023, the Court granted summary judgment in favor of Defendant Briggs Auto Group, Inc. in this contract dispute.[1] Plaintiff Tru Mobility, Inc. appealed. In the meantime, Defendant moved for attorney fees, seeking to recover $137,964.02 in contractual attorney fees, costs, and expenses incurred up to that point in the litigation.[2] In its response to the attorney fee motion, Plaintiff argued that "the time and costs in the request are improperly documented," and that "much of the time and effort expended by the defendant was for the prosecution of its counterclaim which ultimately was dismissed."[3] The Court ultimately granted

---

[1] Docs. 82, 83.

[2] Doc. 84.

[3] Doc. 93.

Defendant's motion for attorney fees in the amount of $137,401.52.[4]  Plaintiff separately

appealed the attorney fee award, and the Tenth Circuit Court of Appeals consolidated it with the

appeal of the summary judgment order.

On August 23, 2024, the Tenth Circuit affirmed this Court's grant of summary judgment

and its award of attorney fees.[5]  It issued a supplemental mandate addressing the appellee's

attorney fees and costs:

> First, we have determined the appellee is entitled to its reasonable
> attorneys' fees under the terms of the contracts at issue in this appeal
> that authorize the prevailing party to recover such fees.  Having
> made this determination, we remand to the district court to decide
> the amount of attorneys' fees to be awarded.  The district court may
> conduct any and all proceedings it deems necessary and appropriate
> in its discretion on the issue of appellate attorneys' fees.
>
> Second, we have determined the appellee is not entitled to an award
> of the specific costs identified in the Motion. The requested costs
> are not authorized under either Federal Rule of Appellate Procedure
> 39 or 28 U.S.C. § 1920.
>
> Lastly, the mandate is supplemented to include this court's award of
> appellate-related attorneys' fees to the appellee.[6]

Upon receipt of the mandates, the Court directed Defendant to file a fee application by

November 15, 2024, and directed the parties to follow the procedure set forth in D. Kan. Rule

54.2.[7]  Defendant timely filed its pending motion for attorney fees, seeking an additional

$42,095.00 in fees incurred during the appeal.  This motion was served on Plaintiff's counsel of

record.  On December 3, 2024, Defendant filed the Statement of Consultation required by the

local rule, stating that counsel for both sides met in good faith on November 27, 2024, but could

---

[4] Doc. 95.

[5] Doc. 106.

[6] Doc. 107 at 1–2 (citation omitted).

[7] Doc. 108.

not reach an agreement on fees and costs.[8]  Plaintiff's response was due within 14 days of Defendant's memorandum in support of its motion for attorney fees.[9]  To date, despite the parties' failure to reach an agreement on fees, Plaintiff has failed to file a response to the motion. The Court notes that Mr. Sternberg, one of Plaintiff's attorneys, withdrew from the case immediately after Defendant's attorney fee motion was filed.[10]  The clerk's office notified Mr. Sternberg and Mr. Weiss, who also represented Plaintiff, that this meant Plaintiff would be left without counsel because Mr. Weiss' bar status was terminated due to nonpayment of fees. Counsel indicated that Mr. Weiss would be paying those fees promptly, but to date, no fees have been filed.  Nonetheless, the Court issued an order on December 17, 2024, setting a response deadline of January 6, 2025.  That Order was sent to Mr. Weiss.  "If a response is not filed by the applicable deadline, the court will consider and decide the motion as an uncontested motion. Ordinarily, the court will grant the motion without further notice."[11]  The Court therefore considers this motion ripe for decision.

## II.    Discussion

The Court has already determined that Defendant is entitled to $137,401.52 in attorney fees and costs incurred up until the judgment.  The Tenth Circuit affirmed the Court's determination that Defendant was entitled to its fees as the prevailing party, and the fee award.

---

[8] Doc. 111.

[9] D. Kan. Rule 54.2.

[10] Doc. 110.

[11] D. Kan. R. 7.1(c).

Thus, the only thing left to consider are the reasonable fees incurred by Defendant during the appeal.

As the Court explained in its last Order, to determine the proper amount of attorney's fees to be awarded under Florida law,[12] the Court must calculate the lodestar. The lodestar method "requires the court to determine the number of hours reasonably expended on the litigation," and "a reasonable hourly rate for the services of the prevailing party's attorney."[13] In *Rowe*, the Florida Supreme Court outlined the factors to be considered in determining what hours and what rates are reasonable for a particular case:

> (1) The time and labor required, the novelty and difficulty of the question involved, and the skill requisite to perform the legal service properly. (2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer. (3) The fee customarily charged in the locality for similar legal services. (4) The amount involved and the results obtained. (5) The time limitations imposed by the client or by the circumstances. (6) The nature and length of the professional relationship with the client. (7) The experience, reputation, and ability of the lawyer or lawyers performing the services. (8) Whether the fee is fixed or contingent.[14]

"The number of hours reasonably expended, determined in the first step, multiplied by a reasonable hourly rate, determined in the second step, produces the lodestar."[15] The determination of a fee award falls "within the sound discretion of the trial court."[16]

---

[12] As the Court has explained, Florida law applies to the underlying contracts at issue. Doc. 95 at 1.

[13] *Fla. Patient's Comp. Fund. v. Rowe*, 472 So. 2d 1145, 1150 (Fla. 1985).

[14] *Id.*

[15] *Id.*

[16] *River Bridge Corp. v. Am. Somax Ventures*, 76 So. 3d 986, 989 (Fla. Dist. Ct. App. 2011).

Defendant seeks an additional amount of $42,095 in attorney's fees incurred in defending against Plaintiff's appeal. This amount is for 93.6 hours spent at an hourly rate of either $425 or $450.

### A.    Reasonable Number of Hours

Defense counsel's billing records indicate he spent 122.35 hours of attorney time on this matter. However, he wrote off 28.75 hours in the exercise of discretion. The total amount actually billed to the client was 93.6 hours. In support of the reasonableness of the hours requested, Defendant's counsel submitted his own affidavit and detailed time records.[17] As stated above, Plaintiff has failed to respond and object to any of counsel's time spent on the appeal. The Court has reviewed the records and is satisfied that the time and charges in Defendant's request are properly documented, and that the hours spent on the appeal are reasonable under the *Rowe* factors. Thus, the Court will include the requested hours when calculating the lodestar.

### B.    Reasonable Hourly Rate

The Court previously found that defense counsel's hourly rates of $350.00 and $425.00 were reasonable. Defense counsel's hourly rate increased to $450 for most of this appeal. Plaintiff makes no objection to these rates or the total amount Defendant requests, but Defendant "bears the burden of establishing that the requested hourly rates are the 'prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation.'"[18] Generally, the relevant market for purposes of determining the

---

[17] Doc. 109, Ex. A.

[18] *Star2Star Commc'ns, LLC v. AMG Grp. of Brunswick, LLC*, No. 8:20-2078, 2022 WL 17326879, at *2 (M.D. Fla. Nov. 8, 2022) (quoting *Renninger v. Phillips & Cohn Assocs.*, No. 8:10-cv-5-T-33EAJ, 2010 WL 3259417, at *2 (M.D. Fla. Aug. 18, 2020)).

reasonably hourly rate for an attorney's services is the place where the lawsuit was filed.[19]  For the same reasons explained in its last Order, the Court finds that counsel's $450 hourly rate on appeal is reasonable.[20]

**C.    Lodestar Calculation[21]**

Based on the above findings, the Court calculates the lodestar as $425 times 1 hour, plus $450 times 92.6 hours charged, resulting in a total fee award of $42,095.00.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion for Attorney Fees (Doc. 109) is **granted** for a total award of $42,095.00.  The Clerk shall enter an amended judgment reflecting this additional fee award.

**IT IS SO ORDERED.**

Dated: February 20, 2025

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[19] *Am. Civ. Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999) (quoting *Cullens v. Ga. Dep't of Transp.*, 29 F.3d 1489, 1494 (11th Cir. 1994)).

[20] *See* Doc. 95 at 9–11.

[21] As the Court previously ruled, it will not adjust the lodestar amount based on the "contingency risk" or "results obtained" *Rowe* factors.  *See Joyce v. Federated Nat'l Ins. Co.*, 228 So. 3d 1122, 1126 (Fla. 2017) (citing *Fla. Patient's Comp. Fund. v. Rowe*, 472 So. 2d 1145, 1151 (Fla. 1985)), because neither of these factors are applicable.  There is no contingency fee arrangement, so a "contingency fee multiplier" should not be applied; nor is this a situation where Defendant had success on some claims but was unsuccessful on other unrelated claims such that the "results obtained multiplier" should be applied.  *Id.*  Therefore, the Court need not consider these factors or adjust the lodestar.